## Mary Ellen Brauer, Appellant *v.* Philadelphia Housing Authority, Appellee.

504

Argued April 8, 1985, before Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

*Arthur Edgar Schmidt,* with him, *Eric L. Frank,* for appellant.

*Terri A. Woodard,* with her, *Fincourt B. Shelton,* for appellee.

Opinion by Judge Palladino, July 22, 1985:

This is an appeal by Mary Ellen Brauer (Appellant) from an order of the Court of Common Pleas of Philadelphia (trial court) which upheld an order of the Philadelphia Housing Authority (PHA) terminating Appellant's housing assistance. We affirm.

In 1978 Appellant applied for and was granted a certificate of family participation for a federally funded housing subsidy pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. §1437(f) (Section 8), and the regulations promulgated thereunder, 24 C.F.R. §§882.101-882.606. Under the Section

8 program, Appellant leased an apartment from a private landlord. The $225.00 per month rental payments were made in part by Appellant, who paid $2.00 per month, and in part by PHA which paid $223.00 per month. The private landlord and Appellant signed a written agreement whereby they agreed to submit to the federal regulations governing the Section 8 program.

In 1982 PHA inspected Appellant's rented apartment and discovered that an entire wall had been removed and the back door and other walls had been damaged. Because these conditions rendered the apartment beneath the quality standards required by the federal regulations, PHA terminated the apartment from the program. In 1983, after the private landlord had sued Appellant for possession and nonpayment of rent, PHA notified Appellant that it would not issue a new certificate of family participation to enable Appellant to move to another subsidized apartment because she was no longer eligible to participate in the program. PHA's reason for finding Appellant no longer eligible was its determination that the damage to the apartment was caused by Appellant.

Appellant requested and received an administrative arbitration hearing on August 3, 1983, at which the private landlord presented evidence of the extensive damages to the apartment. Appellant admitted that she had intentionally removed the wall and was responsible for the majority of the other damages to the apartment. The arbitrator concluded, in a written opinion issued on August 29, 1983, that Appellant was responsible for the damages and was, therefore, ineligible for further Section 8 housing assistance. Appellant appealed the PHA arbitrator's decision to the trial court which upheld the PHA determination and dismissed the appeal. Appellant now appeals to this Court.

The only question which Appellant properly raises in this appeal is whether PHA can legally terminate her participation in the Section 8 program based upon a finding that Appellant damaged the apartment, if PHA does not specify the dollar amount of her liability for the damages and give Appellant an opportunity to satisfy her liability.[1] We hold that PHA's termination is legal.

The United States Housing Act directs the local housing authorities to develop sound and efficient management programs and practices to assure collection of rents and other sums owing under the lease. *See* 42 U.S.C. §1437d(c)(4)(B). This direction was augmented by 24 C.F.R. §882.209(e)(1) (1979) which provided that a family desiring to move to another dwelling unit shall be issued another certificate "unless the PHA determines that the Owner is entitled to payment pursuant to §882.112 on account of nonpayment of rent or other amount owed under the Lease and that the Family has failed to satisfy any such liability."[2]

Pursuant to 24 C.F.R. §882.112 (1984) PHA is responsible to the landlord to pay any unpaid rent or other unpaid liabilities according to the terms of the lease. Thus, it is in keeping with the regulations and PHA's obligation to maintain sound fiscal management to deny participation in the Section 8 program

---

[1] Appellant also argues that because any debt which she owes is dischargeable in the bankruptcy proceedings which she has instituted, PHA cannot terminate her benefits because of such debt. This issue, however, was not preserved for appeal because it was not raised before the PHA arbitrator nor was it pursued in the proceedings before the trial court. Additionally, we note that Appellant's bankruptcy petition was not filed until June 24, 1983, several weeks after the PHA arbitrator entered the order in question.

[2] Section 882.209(e) has been changed by amendments promulgated in 1984. The quoted language is now embodied in 24 C.F.R. §882.210(b)(1) & (2) (1984).

to tenants who do not pay their rent or other amounts owed under the lease. *See Vandermark v. Housing Authority of the City of York,* 663 F.2d 436 (3d Cir. 1981).

Furthermore, the regulations contemplate that local housing authorities may determine that a family is not eligible to participate in the Section 8 program based on criteria other than income and family status qualifications as long as the criteria are reasonably related to the objectives of the program and are approved by HUD. *See Bakos v. Flint Housing Authority,* 746 F.2d 1179 (6th Cir. 1984); 24 C.F.R. §209 (f) (1979); 24 C.F.R. §882.210 (1984). One of the criteria which the local housing authority may use to determine continued eligibility is whether a participant has violated any of his or her obligations under the lease or the certificate of participation, HUD Administrative Handbook 7420.7, Chapter 10-4b(7). In the instant case, Appellant, by damaging the apartment, has violated her obligations to maintain the apartment in an acceptable living condition. Thus, PHA may, within the proper exercise of its discretion, terminate Appellant's participation in the Section 8 program.

PHA argues that its termination of Appellant's subsidy was not only consistent with the federal regulations, but that the termination is also in keeping with its obligation to maintain sound fiscal management because Appellant has demonstrated by her destructive conduct that she is not a desirable person to participate in the program. We agree. Appellant has clearly demonstrated that she is not a good financial risk.

Appellant contends that PHA may not terminate her Section 8 participation, despite her conduct in damaging the apartment, unless it first notified her of the amount of her liability and afforded her an op-

508

portunity to pay the specified amount. The basis of Appellant's contention is that there is no liability until the amount thereof has been determined. This contention is without merit. Webster's Third New International Dictionary 1302 (1966) defines "liable" as "(a)(1) obligated according to law or equity : responsible, answerable." It is undisputed that Appellant intentionally damaged the landlord's property. She is, therefore, responsible, *i.e.,* liable, to pay for the damages regardless of the amount. This is a liability which she has not satisfied and for which PHA may find her ineligible.

Because PHA has acted consistently with the federal regulations in terminating Appellant's participation in the Section 8 program, we affirm the order of the trial court.

ORDER

AND Now, July 22, 1985, the order of the Court of Common Pleas of Philadelphia, No. 4721, September Term 1983, dated January 16, 1984, is affirmed.